State *v.* Ripley.

## State *versus* Ripley & *als.*

A conspiracy unlawfully to do an injury to the person of an individual, or to do any unlawful act, injurious to the administration of public justice, is a statute offence.

No overt act is necessary to make up the crime.

Acts may be evidence of the combination. For any other purpose, they need not be set forth or proved.

At the common law, when the conspiracy is to do an act, which, if done, would be an offence, known and acknowledged, the nature of which is well understood by the name, which designates it, it is unnecessary to set out the means, by which the crime was to be accomplished.

EXCEPTIONS from the District Court, RICE, J.

Indictment, charging that the five defendants, being evil disposed persons, and wickedly devising and intending one Henry K. Baker, in his person to injure, then and there did unlawfully conspire, confederate and agree together, with the malicious intent, the said Henry K. Baker, wrongfully and wickedly to injure in his said person as aforesaid, against the peace of the said State of Maine, and contrary to the form of the statute.

Also that the defendants, being evil disposed persons, and wickedly devising and intending to do a certain illegal act, injurious to the administration of public justice, to wit, to assault, beat, abuse, wound and ill treat one Henry K. Baker, in order to hinder and prevent said Henry K. Baker, one of the justices of the peace, within and for said county of Kennebec, from the performance and discharge of his duties in his office aforesaid, did unlawfully conspire, confederate and agree together, with the malicious intent, wrongfully and wickedly to do a certain illegal act, injurious to the administration of public justice, to wit, to assault, beat, abuse, wound and ill treat said Henry K. Baker, in order to hinder and prevent said Henry K. Baker, one of the justices of the peace, within and for said county of Kennebec, from the performance and discharge of his duties in his office aforesaid, against the peace and dignity of said State of Maine, and contrary to the form of the statute.

A general verdict of guilty was returned upon both counts.

The defendants contended, that the indictment was bad, viz : — that the first count was bad and insufficient : —

Because it does not specifically and minutely describe and set forth the illegal act complained of, or supposed to be the purpose of the conspiracy : —

Because it does not specifically describe and set forth a conspiracy to do any act, by name, which indicates a crime in law, and does not particularly set forth the means intended to be employed, and how those means were illegal and criminal : and because said first count does not set forth specifically the object, purpose and intention of the alleged conspiracy, and show in what manner the object was to be effected and that that object and those means constituted a legal crime.

In regard to the second count, the defendants contended, that it was defective, insufficient and bad : —

Because it does not specifically charge and fully set forth the purpose and object of the conspiracy, whether the conspiracy charged was to do an illegal act, or to injure the administration of public justice : —

Because it does not charge, that the conspiracy was to do an illegal or criminal act, in and of itself, and does no specify and set forth the object or intended act of conspiracy ; and does not set forth the means, and in what manner such means would effect the object and purpose of said conspiracy : —

Because it does not charge or set forth, that said H. K. Baker was a magistrate, duly qualified to administer justice, nor that said Baker was in the act of administering justice, or was in the act of performing his duties as a magistrate, nor that he had even performed or contemplated, or had undertaken to perform any act, by virtue of the office of a magistrate of this county : —

Because it does not set forth how, and in what manner, the said acts would affect the administration of public justice.

But the presiding Judge overruled the objections.

*Bronson* and *Morrill*, for the defendants.

1. The first count is defective, in that it does not set forth

what kind of injury to the person of Baker was intended, or by what means it was to be accomplished.

2. The second count charges two distinct crimes, one to injure Baker, the other to defeat the administration of public justice.

It is also defective because it does not set forth the means to be used, or how those means, if used, could defeat the administration of justice.

It does not specify what duties of a public character, Baker was authorized or required to perform, or that he was in any act or in preparation for performing any act of such a character.

*Vose,* County Att'y, for the State.

TENNEY, J. — The Revised Statutes, chap. 161, sect. 11, define the crime of conspiracy, both in the purposes designed to be promoted, and the combination essential to effect them. Of the former is an injury to the person of another individual, and to do any illegal act, injurious to the administration of public justice. The latter consists in any two or more persons conspiring, confederating and agreeing together, with the fraudulent or malicious intent, wrongfully and wickedly *to* effect those purposes. No overt act, in carrying out the designs of those, who have conspired, confederated and agreed together for such object, is necessary, to make up the crime ; it may be fully complete without it. This may be one mode of showing the criminal confederacy and agreement. It is often, that the intentions of a wrongdoer are ascertained entirely by acts done, which are the natural *effects* of unlawful designs ; the acts and circumstances which accompany them, showing the connection between the acts, and the motives which produced them, are generally the most convincing evidence which can be adduced. The conspiracy is the gist of the indictment, and though nothing be done in prosecution of it, it is a complete and consummate offence, of itself. 1 Salk. 174.

It is not necessary that an indictment should contain allega-

tions of more than it is essential to prove, in order to present the crime intended to be charged ; and the acts, which are not otherwise material, than as indicating the unlawful agreement and design, may well be omitted.

In an indictment for a conspiracy at common law, if the conspiracy charged, is an unlawful combination and agreement of two or more persons to commit a deed, which if done would be an offence, well known and acknowledged, the nature of which is perfectly understood by the name by which it is designated, no further description of the crime is required.

It is equally unnecessary to set out the means, by which the unlawful act was intended to be accomplished. It is only when the conspiracy is to promote a purpose not criminal or unlawful in itself, but when that purpose is to be effected by means, which are criminal or unlawful, that those means should be specifically stated in the indictment. The reason for this distinction is very obvious. If the conspiracy is to do an act, which if done would be criminal, the offence is perfect, without reference to the means to be used, and it is necessary that this criminal purpose should be so specifically alleged as to be well understood. If the conspiracy consists in the unlawful means to be employed, according to well established rules of pleading, those means, which are relied upon as giving the wrongful agreement a criminal character, should be specifically stated, although not the object of the combination, but merely the instrument promotive of it.

These general principles are well settled. *State* v. *Bartlett & al.* 30 Maine, 132, and cases referred to.

The indictment in this case consists of two counts. The first charges, that the defendants being evil disposed persons, and wickedly devising and intending one Henry K. Baker, in his person to injure, did unlawfully conspire, confederate and agree together, with the malicious intent, the said Henry K. Baker wrongfully and wickedly to injure in his said person, &c. The second count alleges that they unlawfully conspired, confederated and agreed together, with the malicious intent,

wrongfully and wickedly to do a certain illegal act, injurious to the administration of public justice, to wit: to assault, beat, abuse, wound and ill treat said Henry K. Baker, in order to hinder and prevent the said Henry K. Baker from the performance of his duty in the office aforesaid.

At the argument, the objections made at the trial and relied upon, are that the means by which an injury was to be done to the person of Baker, were not stated in the first count; and in the second count, that there is no allegation, in what manner the illegal act would be injurious to the administration of public justice, and that there is not set forth the particular duties of Baker, which they designed to defeat and hinder.

The purpose of the defendants, as alleged in the first count in the indictment, was to do an injury to the person of Baker; this purpose, if designed to be accomplished in the manner charged, was criminal by the statute, and it was of no importance by what means it was to be effected. Suppose A and B are overheard in conversation, and it is agreed between them, in the manner alleged in the indictment, that they will inflict an injury upon the person of C, and when one is inquired of by the other, what means shall be used to carry out the object, it is answered, that it will be better to suspend that, to be determined at a future time, or to be according to the circumstances, which may occur, when they design to meet the party to be injured, and such is the agreement between them, and they separate. Immediately the case is laid before the grand jury, could it be said with any propriety, that the case upon these facts was not one, which meets the statute definition of a conspiracy? The facts supposed show, that the number of persons necessary to form a conspiracy had conspired, confederated and agreed together, with the malicious intent, wrongfully and wickedly to injure the person of C. The means cannot be charged, for they have not been agreed upon, and the statute does not require, that they should be specifically designed as a necessary ingredient in the crime,

The objections to the second count are equally without

State *v.* Ripley.

foundation. The charge is substantially an unlawful combination to do a certain illegal act, injurious to the administration of public justice, by committing an assault and battery upon a judicial officer, in order to prevent him from the performance of his appropriate official duties. In what particular manner, it was supposed public justice would fail to be administered, if the act alleged to be agreed upon was done, is not material, whether by inflicting such an injury as to physically prevent the justice from the discharge of his duty as a magistrate, or to intimidate him, so that he would be induced to abandon the course, which he had before intended to pursue. The conspirators might not have formed either in common or individually any conception, how the great purpose of the agreement should be carried into effect. It is equally unimportant as an element in the crime, intended to be charged, that the defendants settled by their agreements, or in their own minds, what acts of Baker, they supposed he designed or was about to perform ; in this, they may have entertained no definite opinion. It was not necessary, that they should have supposed, he was expecting himself, or was expected by others to do any act, in the administration of public justice ; if they designed to commit the assault and battery, and unlawfully confederated for that purpose with the belief, that it would hinder the administration of public justice, but it was not known or comprehended precisely in what mode, the object would be attained, the crime would be sufficiently alleged. They might wish to commit the assault and battery upon one, whom they supposed was a justice of the peace, by way of experiment, that it might in some manner, of which they had no definite idea, effect their purposes.

If the defendants formed the conspiracy, to commit the assault and battery upon Baker, for the object alleged, it is not material, that it should appear, that he was qualified and authorized to act in a judicial capacity. If the agreement meets the requirement of the statute, and the purpose designed is sufficient to constitute the offence, it is of no consequence, that they were so mistaken in some of the opinions, that if they

had known all the facts, as they existed, the agreement would not have been made. It is not essential to the crime, that their purposes entertained, should fail of completion, by means of their entertaining an erroneons belief touching the facts that they supposed were material.      *Exceptions overruled.*