STATE *v.* JAMES S. NOYES, DAVID F. CHAPMAN, JAMES H. REYNOLDS, JABEZ ʻLUCE, NATHANIEL AUSTIN AND FRANCIS STURTEVANT.

*Indictment for Conspiracy to Impede an Officer. Merger.*

In a conspiracy, the unlawful agreement constitutes the gist of the offence, and it is not necessary to charge in the indictment the execution of the unlawful agreement; and if charged and sustained by evidence, it is to be regarded as proof of the intent, or as matter in aggravation; therefore, proof of it, if charged, is not necessary to a conviction.

The offence of conspiracy to impede an officer in the discharge of his official duty, will not *merge* in the offence of impeding the officer.

The offence of impeding an officer does not constitute a felony, but is in the nature of a misdemeanor; and the offence of conspiracy to impede, and that of impeding the officer, are in effect, of the same grade.

If the object of a conspiracy be to commit an *offence*, punishable by law, the means to be used in committing the *offence*, need not be set forth in the indictment for the conspiracy; but if the indictment be for the *offence* committed, then the means used in committing the offence must be clearly set forth in the indictment.

INDICTMENT for a conspiracy to hinder and impede one Henry Godfry, a deputy sheriff, in the execution of his official duty. The indictment contained three counts; the first and third counts charge a conspiracy to impede the officer; the second count charges a conspiracy to impede the officer, and also an actual impeding.

Plea, not guilty, and trial by jury.

On trial, evidence was offered, tending to prove that in Decem-

ber, 1851, Henry Godfry was a legal deputy sheriff, and had for service a writ of attachment, in favor of one Snelling, against the said Sturtevant, on which he had attached a number of cattle, sheep and colts, and was, with two men as his assistants, driving the same through the village of Tunbridge, to a place of keeping. That the respondents, then in said village, knowing the premises, and seeing two of the said colts, which had been accustomed to be kept at the barn of the said Sturtevant, in said village, by which they were about being driven, and running in the road forward of the said cattle ; the respondents, after private consultation, placed themselves across the road forward of the said colts, and turned them into the yard of the barn of the said Sturtevant, and one of the respondents closed the gate, and informed one of the said sheriff's assistants, who came for said colts, that he could not have them.

That the respondents immediately followed into said yard, and as said Godfry came into the yard for said colts, they were driven by said Luce into the barn, and the door closed, and said Godfry was forcibly prevented from entering said barn, or obtaining said colts, by said Luce, by the aid and encouragement and direction of the other respondents, or some of them; and that they dissuaded and prevented other persons who were present, from aiding the said Godfry in procuring said colts, or in collecting and securing the other colts, cattle and sheep, when by said sheriff requested. There was no evidence that said Sturtevant was present during this transaction.

The respondents gave evidence tending to show, that the respondent, Noyes, was a legal constable of said town of Tunbridge, and that he had in his hands for service a writ of attachment, in favor of one Clark, and that said colts, after being taken by said Godfry, escaped from the place where he had placed them for safe keeping, and went into the said barn-yard of said Sturtevant, of their own accord, without the intervention of the respondents ; and being by said Noyes so found, on the premises of said Sturtevant, they were by said Noyes there attached, on said writ of said Clark, and by him put in the charge and safe keeping of said Luce, and by him kept from said Godfry, without any combination or conspiracy of the respondents.

The respondents requested the court to charge the jury—

1. That there could be no conviction upon the second count in the indictment.

2. That if the jury should find, that Godfry was actually unlawfully impeded by the respondents, while in the discharge of his official duty, upon the occasion referred to, there could be no conviction upon this indictment.

3. That, although Godfry had attached the colts, and they had not so left his possession as to be legally subject to attachment by another officer, yet, if they escaped from the enclosure where he had placed them, and came upon the premises of Sturtevant, without any act of Noyes or the other respondents, or any previous knowledge in respect to it, and Noyes, while they were there on the premises of Sturtevant, attached them and placed Luce as their keeper, then Godfry could not lawfully reclaim them by force, and it was not unlawful for Luce to resist, on his attempting to do so; and at all events, in this state of facts, the respondents can not be convicted upon this indictment.

But the court refused so to charge, but did charge, amongst other things not excepted to, as follows: That any combination or conspiracy of two or more persons to commit a crime, however light or aggravated, was in itself a crime. It was the right of the sheriff to pass along unmolested, with the colts, cattle and sheep which he had attached, and if any of them strayed from the highway, immediately to follow and reclaim them, and to employ assistants in so doing; and it was the duty of the respondents and all others to permit him so to do. If the jury found, beyond a reasonable doubt, from the talk and conduct of the respondents, as shown in evidence, that there existed amongst them a combination and conspiracy to hinder and impede the sheriff in the performance of his duty, those who participated in such conspiracy should be found guilty. If the jury found, that the respondents conspired to turn said colts into said Sturtevant's barn-yard, or conspired, if said colts went into the yard, that they should be forcibly kept from said Godfry, that they might be immediately thereafter taken, held and kept from him, either with or without precept, all who entered into such combination or conspiracy, were guilty, and that the jury might find their verdict upon either or all of the counts in the indictment which they found proved.

But if the jury found, that said colts strayed into the barn-yard,

and were there taken by Noyes and put into the keeping of Luce, without any conspiracy of the respondents, or if whatever was done by them was without previous combination and conspiracy, for a period however long or short, or if the jury entertained a reasonable doubt whether such conspiracy was formed by the respondents, they should be acquitted. To this charge the respondents excepted.

The jury returned a verdict of guilty, as to all the respondents except Sturtevant and Austin, and found them not guilty.

After verdict, the respondents filed a motion in arrest, for the insufficiency of the indictment. The County Court, January Term, 1853,— COLLAMER, J., presiding,— overruled the motion. To which the respondents excepted.

*Washburn & Marsh* and *Hebard & Martin* for respondents.

I. The second count is insufficient to warrant a conviction, and the court should have so instructed the jury, or should have arrested the judgment, as to that count.

The jury returned a verdict of guilty, but of what crime, or upon what counts, does not appear.

1. This count charges a conspiracy to impede, and also an actual impeding,—two separate offences in one count.

2. The count does not set out the precept upon which the property was attached, by which it can be seen whether it was "a lawful precept." Nor the particular mode of resisting the officer. Nor the manner in which the process was attempted to be executed. Nor that the respondents knew of the character in which the officer claimed to act. *State* v. *Downer*, 8 Vt. 424. *State* v. *Rowell et al.*, Or. Co. Sup. Ct. 1843.

The court instructed the jury that if they found certain facts, they might find the respondents "guilty on either or all of the counts in the indictment."

This charge is clearly erroneous, in case this count is defective.

If all the counts were for the same or similar offences, it might be otherwise.

II. The charge is erroneous in instructing the jury that they might find the respondents guilty of impeding the officer, upon proof of a conspiracy to impede.

III. The court erred in refusing to charge the jury according

to the second request of the respondents. *Commonwealth* v. *Kingsbury*, 5 Mass. 106. *People* v. *Mather*, 4 Wendall, 229.

· IV. This count is not good for the lowest offence, upon motion in arrest. The verdict upon this count being general, no judgment can be rendered upon it, in case it is bad in any respect. *State* v. *Rowell*, above cited.

V. The first and third counts are defective.

1. They do not set forth the *manner* in which the officer was to be impeded. Arch. Cr. Ev. 797.

2. They do not aver knowledge by the respondents, that Godfry was an officer.

*A. M. Dickey* and *C. B. Leslie* for State.

The indictment charges a conspiracy to do an unlawful act, viz. to impede an officer in the execution of his official duty. This is an indictable offence. Wharton's Am. Crim. Law, 487. Arch. Crim. Plead. 796. ·

The indictment is drawn in technical form—the second count charges overt acts; this is usual, but not necessary, (especially in a case where the conspiracy is to do an *unlawful* act.) And if charged, and not properly charged, may be rejected as surplusage. 2 Mass. Repts. 536, and authorities cited. Whar. Am. Crim. Law, 496. Arch. Crim. Plead. 797. 3d Vol. Chit. Crim. Law, 1143. 2 Swift's Digest, 329. 28 Eng. C. Law Rep. 185.

The gist of the offence is the *unlawful combination* or *confederacy* to do an unlawful act, or lawful act by unlawful means. The offence is complete when the *confederacy* is made, and any act done in pursuance of it is no *constituent part* of the offence, but merely an aggravation of it. This rule of the common law is to prevent unlawful combinations, which are extremely dangerous. *Commonwealth* v. *Judd et al.*, 2 Mass. 329. *Commonwealth* v. *Davis*, 9 Mass. 415. *Commonwealth* v. *Warren et al.*, 6 Mass. 74. Wharton's Am. Crim. Law, 486.

But it was claimed by respondents, that they could not in any event be convicted upon the second count in the indictment. This we apprehend is not correct.

The count is sufficient; the charging the overt act does not vitiate the count, as has been already shown.

But it is also claimed, that the evidence tended to show an actual

impeding of the officer, in the execution of his official duty, by the respondents; and that offence of impeding being a statutory or higher offence than conspiracy, that the misdemeanor is merged, and no conviction can be had.   We insist that the overt acts proved were no *constituent part* of the crime charged, but merely an aggravation.   The crime was the *unlawful combination.*

Many cases are found in the reports, where the overt acts charged and *proved* were *distinct felonies;* yet no such points were broached—which exhibits the truth of this position.   *Rex* v. *Mc Daniels,* 1 Leach 45.   6 Mass. 74.   2 Bur. 993.

If the Court should feel constrained to adopt the doctrine, that if in the trial of an indictment for a conspiracy, the overt acts proved amount to a distinct felony, that the conspiracy merges, and there can be no conviction for the conspiracy—which we think they will be slow to do—then we contend that it does not apply to the case at bar.

1. Because the testimony only tends to show that Luce, one of the respondents, actually impeded Godfry, and was directed and encouraged by *some* of the other respondents, but not all.   Now we contend that if six persons conspire to commit a felony, and three of them afterwards actually do commit the crime, nevertheless, all of them may be convicted of the conspiracy, for otherwise a part would go unpunished.

2. Because the case shows, that under a *proper charge,* the jury found the respondents guilty of conspiracy only, they negativing that they were guilty of impeding, and therefore sentence may pass for the conspiracy.   5 Mass. Repts. 106.

3. Every proper intendment will be made to sustain a verdict. 17 Vt. 105.   4 Vt. 64.   18 Vt. 23.   21 Vt. 469.   And when a general verdict of guilty is returned upon an indictment containing several counts, some of which are bad, sentence will pass on the good counts.   22 Vt. 32.

The opinion of the court was delivered by

BENNETT, J.   No objection can be made to the decision of the County Court, in overruling the motion in arrest.   It is not claimed in argument, that there is any objection to the sufficiency of any of the counts, except the second.   It is too well settled to be called in question at the present day, that upon a general conviction, if

some of the counts in the indictment are good, and some bad, yet the court will not arrest the judgment.

In this case, the conviction under the charge of the court must have been for the conspiracy, and the government do not claim that sentence should be passed for the offence of *impeding the officer in the execution of his office;* and if such claim had been made, it would have been without the least foundation.

The case is put to the jury to find the *conspiracy,* and they are told that unless they find this, they must acquit the respondents. It is well settled, that the unlawful agreement constitutes the *gist* of the offence, and of course it is not necessary to charge the execution of the unlawful agreement; and if charged and sustained by evidence, it is to be regarded as proof of the intent, or as matter of aggravation, and proof of it, if charged, is not necessary to a conviction. The jury may find the conspiracy, and negate the execution, and it will be a good conviction. The purpose to be accomplished by the conspiracy charged in the indictment, was the commission of a crime, and all the authorities agree that a conspiracy for such a purpose is of itself an indictable offence.

It was claimed on the trial, that the court should have charged the jury, that there could not be a conviction on the second count in any event; and that if the jury found that the officer was actually *impeded* in the execution of his official duties, there could be no conviction on any of the counts in the indictment.

We see no ground for the respondents to claim such a charge. The ground assumed is a *merger* of the conspiracy in the offence *of impeding the officer;* and as to the second count, it is said it will not warrant a conviction upon its face, as facts are alleged which show a *merger.* It is undoubtedly true, that when a person commits a greater crime, which includes a lesser, the latter is *merged* in the former, as in the case of an assault with an intent to commit a rape, the assault is merged in the greater offence; and in proving the greater offence, you must of necessity prove the lesser; but in the case before us, the offence charged is not included in the offence of impeding the officer, which is only mentioned in the second count, by way of aggravation; and in proving an impeding of the officer, you need not prove a conspiracy. The two offences are distinct and independent, and I can perceive no reason why the one should merge in the other. These are cases which go to show

that a conspiracy to commit a felony merges in the *overt act,* when it appears that such *overt act* has been fully consummated, and such is the case of the *Commonwealth* v. *Kingsbury,* 5 Mass. 106. *People* v. *Mather,* 4 Wend. 265. *State* v. *Murrey,* 15 Maine, 100. In this latter case, the court refused to apply this doctrine of merger to a case, where the object of the conspiracy was to break the county jail; and it is clearly according to the adjudged cases, not to apply it to cases where the object of the conspiracy was the commission of a misdemeanor.

The impeding of an officer, in the execution of his office, was formerly classed in our statute books among the inferior crimes and misdemeanors, and at first was only punished by fine; and at the time of the revision in 1839, it was classed among offences against public justice. It cannot be classed among the high crimes, or constitute a *felony;* and though the legislature may have made the offence punishable by fine or imprisonment in State prison, at the discretion of the court; yet, still it is an offence, but in the nature of a misdemeanor, and in effect, of the same grade and character as a conspiracy to commit the offence, though the court before whom the conviction shall have been had may *fine* or *imprison* in their discretion. In a case where the Bank of England had preferred a bill of indictment, for passing forged notes upon the Bank of England, which was a *capital* offence, and also another bill against the same person, for having the same bills in his possession, knowing them to be forged, which was punishable by transportation; it was held, that on trial of the prisoner for the latter offence, though all the facts sufficient to support the *capital charge* were proved, still he was not entitled to an acquittal for such minor offence, and that it *did not merge* in the *capital* offence, and that the bank might elect to proceed for the lesser offence, although indictment had been found for the capital offence. Russ. & Ry. 378. It is true that both of the offences were felonies; but both were of different grades, as measured by the penalties. As the object of the conspiracy was to commit an offence punishable by law, it was not necessary to set out the means to be used to effect it; and it is not necessary that there should be the same certainty in setting out the object of the conspiracy, as there must be in an indictment for the offence, which the respondents conspired to commit. Arch. Crim. Plead. 797. It was not necessary then,

in any of the counts, to set out the process; and there was no attempt in the pleader to frame any of the counts for the crime of impeding an officer in the execution of legal process.

We discover no error in the proceedings of the County Court, and the clerk will enter, that the respondents take nothing by their exceptions.