STATE OF RHODE ISLAND *vs.* HERBERT J. BACON *et al.*

PROVIDENCE—JUNE 9, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1)    *Conspiracy.    Indictments.*

An indictment charging defendants with conspiring to cheat by false pretences is good, although the particular means and devices are not stated.

(2)  *Conspiracy.  Indictments.*

An indictment charging defendants with a conspiracy to pervert the cause of justice is good, both at common law and under the statute 33 Edw. I, stat. 2, *"de conspiritoribus."*

(3)  *Indictments.   Conspiracy.   Criminal Pleading.*

In an indictment charging conspiracy it is not necessary to allege or prove that a defendant was to be benefited thereby.

(4)  *Indictments.   Conspiracy.   Criminal Pleading.*

In an indictment charging conspiracy it is not necessary to allege that the object of the conspiracy was accomplished.

(5)  *Indictments.   Criminal Pleading.   Surplusage.*

The conclusion of an indictment for an offence punishable at common law against the form of the statute may be rejected as surplusage.

INDICTMENT charging conspiracy.   Heard on demurrer, and demurrer overruled.

DUBOIS, J.   This is an indictment for conspiracy in two counts, charging that Floyd C. Lewis and Harry McKay, of East Providence, and Herbert J. Bacon, of Providence, in said county, on the tenth day of May, 1903, with force and arms, at East Providence, in the aforesaid county of Providence—"Unlawfully and fraudulently did combine, confederate, and conspire together by divers unlawful and fraudulent devices and contrivances and by divers false pretences, unlawfully to obtain from the Rhode Island Company, a corporation duly chartered and organized under the laws of the State of Rhode Island, the sum of one thousand dollars of the property and money of the said The Rhode Island Company, against the form of the statute in such case made and provided and against the peace and dignity of the State.

"And the jurors aforesaid upon their oaths aforesaid, do further present that the said Floyd C. Lewis and the said Harry McKay and the said Herbert J. Bacon on the tenth day of May in the year of our Lord one thousand nine hundred and three, with force and arms at East Providence, in the aforesaid county of Providence, being evil disposed persons and willfully devising and intending to cheat and defraud The Rhode Island Company, a corporation duly chartered and organized

under the laws of the State of Rhode Island, did unlawfully conspire, combine, and agree together by devices, false pretences, and subtle means and devices, knowingly, designedly, and fraudulently to cheat and defraud the said corporation out of a large amount of money, to wit, money to the amount of and of the value of one thousand dollars of the property and money of the said The Rhode Island Company, and the jurors aforesaid do further present that the said defendants in pursuance of the aforesaid conspiracy and agreement between them as aforesaid, on to wit, the ninth day of February, in the year of our Lord one thousand nine hundred and four, with intent to obtain said sum of money from the said corporation and to cheat and defraud it, The Rhode Island Company, as aforesaid, did cause and procure an action of law to be commenced and prosecuted in the name of the said Floyd C. Lewis in the Common Pleas Division of the Supreme Court of said State of Rhode Island, holden within and for said county of Providence against the said The Rhode Island Company, in which said action of law the said defendants Floyd C. Lewis, Harry McKay, and Herbert J. Bacon did falsely, unlawfully, and fraudulently state and charge that the said Floyd C. Lewis, while a passenger in a certain street car operated by said The Rhode Island Company, on, to wit, the tenth of May, in the year of our Lord one thousand nine hundred and three, was injured by the derailment of said car, whereas in truth and in fact the said Floyd C. Lewis was not a passenger in said car on the said tenth day of May, in the year of our Lord one thousand nine hundred and three, and was not injured by the derailment of said car as they the said Floyd C. Lewis and the said Harry McKay and the said Herbert J. Bacon then and there well knew, against the form of the statute in such case made and provided and against the peace and dignity of the State."

To this indictment the defendant Herbert J. Bacon has demurred for the following reasons:

"1st. Because said indictment does not set forth with sufficient clearness and exactness any crime or offence known to the law.

"2nd. Because said indictment does not charge any offence

or crime with sufficient clearness and directness to notify the defendant specifically for what he is to be tried.

"3d.  Because the devices, false pretences, subtle means and devices employed by said defendant are not set forth in said indictment.

"4th.  Because said indictment does not set forth that said Bacon derived or was to have derived any benefit from said conspiracy.

"5th.  Because said indictment does not set forth that said Lewis did not have a good and sufficient cause of action against said Rhode Island Company.

"6th.  Because conspiracy to obtain money from an individual or a corporation is no crime known to the law.

"7th.  Because no crime of conspiracy could be charged against the defendants until the action at law upon which the indictment for conspiracy is based had been judicially determined.

"8th.  Because said indictment does not charge that said defendant maliciously and with malice aforethought entered into an agreement to bring suit against said Rhode Island Company as set forth in said indictment.

"9th.  Because the means as intended to be used as set forth in the indictment were not sufficient to deprive the Rhode Island Company of its property, and the offence charged is incomplete.

"10th.  Becauses aid indictment charges an offence against the form of. statute in such case made and provided, whereas in fact there is no statute of the State of Rhode Island covering the offence as charged in the indictment.

"11th.  Because the charge in said indictment is uncertain, indefinite, and insufficient in law.

"12th.  Because said indictment does not charge an offence within the rules of criminal pleading."

The first, second, eleventh, and twelfth grounds of demurrer may well be considered together, for they are but variations in statement of the claim of the defendant to his constitutional right "to be informed of the nature and cause of the accusation."  Constitution, R. I. art. 1, § 10.  As was stated by

Durfee, C. J., in *State* v. *Doyle*, 11 R. I. at p. 575: "The decisions rest on the indisputable right of the accused to be charged specifically, so that he may know beforehand what the particular offence is of which he is accused, and be able to prepare his defence; and so also that he may not be accused of one offence and be tried for another; and finally, so that the record of his acquittal or conviction may be a good bar in case he is again indicted or complained of for the same offence." And see *State* v. *Nelson*, 27 R. I. 31.

(1)    The first count of the indictment charges the defendants with conspiring to cheat, by false pretenses, a certain corporation out of one thousand dollars of its property. And the second count charges the defendants with a conspiracy to obtain from the corporation one thousand dollars of its property by means of an unfounded and fraudulent lawsuit. The first charges an unexecuted conspiracy to cheat and defraud, and the second charges a conspiracy to pervert the course of justice, and both kinds of confederation are indictable offences well known to the law.

A conspiracy is a confederation to do something unlawful, either as a means or an end. See Wharton's Crim. Law, 9th ed. § 1337; 8 Cyc. "Conspiracy;" 2 New Bish. Crim. Law, §§ 171, 175; *Com* v. *Waterman*, 122 Mass. p. 57; 1 Bouvier's Law Dic. 408; 6 Am. & Eng. Ency. L. 832; Russ. Crimes, *674; *State* v. *Buchanan*, 5 Har. & Johns. 317. The word "unlawful" as used in this definition includes the breach of civil as well as of criminal law, 2 Bish. Crim. Law, § 178; *Reg.* v. *Warburton*, Law Rep. I C. C. 274; Bish. Direct. & Forms, § 291. The offence thus defined excludes only confederations to accomplish lawful objects by lawful means; the offence includes all possible unlawful confederations. As it includes all it can not be made to include more. Conspiracy is not a statutory crime or misdemeanor in Rhode Island. It is well settled that it is an offence of common-law origin. It is not founded upon statutes, and requires no legislative aid. The common-law offence can not be enlarged by legislation, and the only effect that statutory interference can have upon it must be to restrict or abridge it.

. We are unable to agree with the contention that the Statute 33 Edw. I, *de conspiratoribus*, constitutes the foundation of the English law of conspiracy; on the contrary, we find ourselves fully in accord with the able opinion of Buchanan, J., in *State* v. *Buchanan*, 5 Harris & Johns. 317, the leading American case upon the subject of criminal conspiracy, and with the conclusions of the court upon a full review of the cases: "From all which it results, that every conspiracy to do an unlawful act, or to do a lawful act for an illegal, fraudulent, malicious or corrupt purpose, or for a purpose which has a tendency to prejudice the public in general, is at common law an indictable offence, though nothing be done in execution of it, and no matter by what means the conspiracy was intended to be effected; which may be perfectly indifferent, and makes no ingredient of the crime, and therefore need not be stated in the indictment."

"When parties have once agreed to cheat a particular person of his money, although they may not then have fixed on any means for that purpose, the offence of conspiracy is complete," Bayley, J., in *Rex* v. *Gill*, 2 B. & Ald. 204. "The offence does not consist in doing the acts by which the mischief is effected, for they may be perfectly indifferent, but in conspiring with a view to effect the intended mischief by any means," Ld. Mansfield in *Rex* v. *Eccles*, I Leach, 274.

In this State the offence of being a common cheat is punishable under Gen. Laws, cap. 281, § 24. But individual cheating or obtaining money or property from another with intent to defraud is not a criminal offence unless the false pretense is in writing or unless the property is obtained by a privy or false token within the provisions of *Idem*, cap. 279, § 15, nor was it an offence at common law. *State* v. *Mayberry*, 48 Me. 218; *State* v. *Hewett*, 31 Me. 396; *State* v. *Jones*, 13 Iowa, 269; *Com.* v. *Eastman*, 1 Cush. 189. But although individual cheating was not an offence at common law, a conspiracy to cheat and defraud another was indictable. In this country there is a conflict of opinion upon this question; some courts following the opinion of the court expressed in *State* v. *Buchanan*, *supra*, and others holding the views set out in *Com.* v. *Eastman*, *supra*.

In the first case it was held that a conspiracy to cheat and defraud was indictable at common law, and therefore it was not necessary to state the means in the indictment, as the object of the conspirators was to accomplish a common-law offence. In the latter case it was held that it was not indictable at common law to conspire to cheat and defraud, unless the means resorted to were criminal and that therefore, the end not being criminal, the means must be set forth, in order to display the criminality of the act charged. We prefer to be classed with the cases led by *State* v. *Buchanan,* rather than to subscribe to the doctrine that the form used in the present indictmment is insufficient because it does not charge a conspiracy to cheat and defraud by criminal means.

In England forms of indictment similar to that employed in the first count of the indictment before us have been sustained, for the following reasons: " The gist of the offence is the conspiracy; and, although the nature of every offence must be laid with reasonable certainty, so as to apprise the defendant of the charge, yet I think that it is sufficiently done by the present indictment. It is objected that the particular means and devices are not stated. It is, however, possible to conceive that persons might meet together, and might determine and resolve that they would, by some trick and device, cheat and defraud another, without having at that time fixed and settled what the particular means and devices should be. Such a meeting and resolution would, nevertheless, constitute an offence. If, therefore, a case may be reasonably suggested in which the matters here charged would, if there were nothing more, be an offence against the law, it is impossible, as it seems to me, to conclude that the law should require the particular means to be set forth. The offence of conspiracy may be complete, although the particular means are not settled and resolved on at the time of the conspiracy." Abbott, C. J., in *Rex* v. *Gill, supra.*

In *Reg.* v. *Gompertz,* 9 Q. B. 824, Lord Denman, C. J., said, in giving the opinion of the court: " First, we think, that there is no ground for arresting the judgment in this case; one count is good, on the authority of *R.* v. *Gill,* never overruled, but

founded on excellent reason, and always recognized, though not without regret, because that form of indictment may give too little information to the accused."

The difficulty suggested, however, is only similar to that which occurs in other prosecutions where, of necessity, the indictment must be drawn in general terms, and may be remedied, to some extent, in proper cases, by a bill of particulars, whenever the court in its discretion may order it.  See 2d ed. Bish. Crim. Proc. § 209.

In our opinion, therefore, the first count of the indictment is sufficient in form.

(2)    As to the second count, which charges a conspiracy to pervert or obstruct justice:  It charges an offence recognized by the common law.  "Any confederacy or combination, the purpose of which is to obstruct the due course of justice or the due administration of the laws, is an indictable conspiracy." 8 Cyc. 634.  *State* v. *Ripley*, 31 Me. 386.  "All conspiracies which have for their object the perversion or obstruction of public justice have been, from the earliest times, regarded as indictable."    6 Am. & Eng. Ency. L. 2nd ed. 856; *State* v. *Burnham*, 15 N. H. 396; *State* v. *Norton*, 3 Zabriskie, 33; *The People* v. *Chase*, 16 Barbour, 495; *Com.* v. *Douglass*, 5 Metc. 241; *State* v. *Noyes et als.* 25 Vt. 415.

Also, although it is not necessary that it should be, the second count of the indictment is clearly within the purview of 33 Edw. I, stat. 2, in part, as follows:  "Conspirators be they that do confeder or bind themselves by Oath, Covenant, or other Alliance, that every of them shall aid and bear the other falsely and maliciously to indite, or cause to indite, or falsely to move or maintain Pleas," etc.    The words "falsely to move or maintain pleas" do not mean, as the defendant argues, the setting up of a false defence.    The evident intent of the statute was to include within its definition those who combine for the purpose of perverting or of obstructing justice through either the criminal or civil jurisdiction of its tribunals. The word "pleas," as used in the statute, is equivalent to "actions."    The very name of the court in which the indictment in question was found, viz.:  the Common Pleas Division

of the Supreme Court," is indicative of the place where the pleas of the common people are heard. "Common Pleas. The name of a court having jurisdiction generally of civil actions. Such pleas or actions as are brought by private persons against private persons, or by the government, when the cause of action is of a civil nature. In England, whence we derive this phrase, common pleas are so called to distinguish them from *pleas of the crown.*" "Pleas of the Crown. In English law, a phrase now employed to signify criminal causes in which the king is a party." Bouvier's Law. Dict. Rawle's Revis.  •

Furthermore, the word "pleas" is broad enough to include the plaintiff's statement of his cause of action as well as the defendant's recital of his ground of defence. The formal commencement of declarations, according to accepted authority, is as follows: "A. B. complains of C. D. being, etc., of a plea (of trespass on the case on promises, or otherwise in account, annuity, debt, covenant, detinue, trover, trespass, etc.)." 2 Chitty Pl. Perkins ed. *p. 12.

This use of the word is definitely recognized in our own statutes, Gen. Laws R. I. cap. 221, § 6: "The supreme court in its respective divisions shall have cognizance of all *pleas,* real, personal and mixed, and of all civil actions between party and party and between the state and citizens thereof," etc.

For these reasons we are of the opinion that the defendant is sufficiently apprised of the offence with which he is charged in and by the indictment. Under the first count there is no necessity for setting out any overt acts, because it alleges an unexecuted conspiracy; and in the second count the overt acts are explicitly alleged.

(3)    It is not necessary to allege or prove that the defendant Bacon was to be benefited by the conspiracy alleged. "To render a person criminally liable as a conspirator it is not necessary that under the scheme he should have had any pecuniary benefit in the matter or have joined with the view of obtaining pecuniary benefit." 8 Cyc. 643; *Ochs* v. *People,* 124 Ill. 399; *U. S.* v. *Newton,* 52 Fed. Rep. 275; *Reg.* v. *Esdaile,* 1 Fost. & Fin. 213.

The indictment sufficiently negatives the claim that the defendant Lewis had a good and sufficient cause of action against The Rhode Island Company in manner and form as the same was set forth in his action at law against said company.

Conspiracy to obtain money from an individual or a corporation is a crime well known to and recognized by the law. *State* v. *Buchanan, supra.* It is unnecessary to wait for the determination of the action at law before charging conspiracy. (4) Prosecutions for conspiracy are preventive rather than curative measures. To constitute the crime of conspiracy it is not necessary that the conspirators should succeed. *The State* v. *Norton, supra; The People* v. *Chase, supra.* It is not necessary to aver that the object of the conspiracy has been accomplished. *State* v. *Bruner,* 135 Ind. 419; *Shircliff* v. *State,* 96 Ind. 369; *Miller* v. *State,* 79 Ind. 198; *State* v. *Straw,* 42 N. H. 395; *U. S.* v. *Newton,* 48 Fed. Rep. 218. It is unnecessary to aver that the defendant Bacon maliciously and with malice aforethought entered into the conspiracy. The words "malice aforethought" are extremely technical, and would be inappropriate in charging this class of offences. The insufficiency of the means intended to be adopted does not render the offence incomplete. The gist of a conspiracy is the unlawful confederacy to do an unlawful act, or a lawful act for an unlawful purpose, though nothing be done in prosecution of it; the offence being complete when the confederacy is made. *Com.* v. *Judd,* 2 Mass. 337; *Com.* v. *Tibbetts, Ibid,* 538; *Com.* v. *Warren,* 6 Mass. 74; *People* v. *Mather,* 4 Wend. 259; *State* v. *Cawood,* 2 Stew. 360; *State* v. *Rickey,* 4 Halst. 293; *State* v. *Buchanan, supra; Collins* v. *Com.* 3 Serg. & Rawle, 220; *Respublica* v. *Ross,* 2 Yeates, 8; *Morgan* v. *Bliss,* 2 Mass. 112; *Com.* v. *Davis,* 9 Mass. 415; *Com.* v. *Hunt,* 4 Metc. 111.

(5)     The conclusion against the form of the statute is surplusage, and therefore may be rejected.

" 'Where an offence, as described in the indictment, is punishable at common law only, and yet the indictment avers it to have been done against the form of the statute, it seems to have been doubted whether the indictment was good at com-

mon law. Lord Hale was of opinion, that, if the offender were not brought within the words of the statute, if the indictment concluded *contra formam*, it should be quashed, though an offence be described which is indictable at common law.' Starkie adds: 'But, in numerous instances, the conclusion has been holden to be mere surplusage.' And this latter doctrine is now firmly established." I Bish. Crim. Proc. § 601, and cases cited.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*William B. Greenough, Attorney-General,* for State.

*Frank S. Arnold and Amasa M. Eaton,* for defendant.