339 A.2d 268.

STATE *vs.* ROBERT GIORGI *et al.*

JUNE 16, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

2

DORIS, J. This is an indictment for conspiracy to commit various unlawful acts, including stealing property from dwelling houses and later receiving and taking possession of such stolen property. The case was tried before a justice of the Superior Court sitting with a jury which returned a verdict of guilty as charged against several of the defendants. Robert Giorgi was one of the defendants found guilty by the jury. His motion for a new trial was denied, and he is before us prosecuting his bill of exceptions.

The charges in the instant case arise out of a course of conduct whereby defendant Giorgi would drive Robert Brown, a codefendant, to a selected area in Providence, leave this codefendant to burglarize various dwelling houses, and return later in the evening to pick him up, along

with the fruits of his nocturnal labors. The stolen articles would then be delivered to the business establishments of the other codefendants. On several occasions these codefendants suggested certain articles to be stolen, and defendant Giorgi and his compatriot attempted to respond to these suggestions.

The indictment charged that Giorgi, Brown, and his codefendants

"* * * did conspire, confederate, contrive and agree together and with each other to engage in and commit unlawful acts, to wit that Nicholas D. Zinni, alias Nicholas Doe; William Marrapese, alias William Doe; Raymond Page, alias Raymond Doe; Louis Carter, alias Louis Doe; and Mario Marseglia, alias Mario Doe would receive and take possession of stolen goods, chattels and other property knowing the same to be stolen, from Robert Brown, alias John Doe and Robert Giorgi, alias Robert Doe who would steal such property from the unlawful entry of dwelling house."

The indictment was returned by the Grand Jury on November 5, 1971. On March 28, 1972, in a pretrial conference, defendant Giorgi moved to quash the indictment as being defective. The trial justice denied defendant's motion, an exception was taken, and the case proceeded to trial. The jury returned a verdict of guilty as charged against defendant Giorgi on April 18, 1972. The defendant's motion for a new trial was denied on August 8, 1972. The case is before us on defendant's bill of exceptions.

I

The defendant's initial argument is that the instant indictment is fatally defective for either of two different reasons. First, defendant points to the basic rule that a person who has stolen certain goods may not be charged with the crime of receiving these same goods. *State* v. *Silva*, 110 R. I. 290, 292 A.2d 228 (1972). He contends, therefore,

that a person who is a thief may not be charged with conspiracy both to steal and to receive such goods.

This argument confuses the mutually exclusive elements of the substantive crimes of stealing goods and receiving stolen goods, with the elements of conspiracy. The crime of conspiracy involves a combination of two or more persons to commit some unlawful act or to do some lawful act for an unlawful purpose; the offense is complete once the agreement is made. *State v. Gilman,* 110 R. I. 207, 291 A.2d 425 (1972); *State v. Edwards,* 89 R. I. 378, 153 A.2d 153 (1959); *State v. Bacon,* 27 R. I. 252, 61 A. 653 (1905). Conspiracy is a single offense even though the agreement on which the charge is founded may envision commission of several substantive criminal offenses or acts. *State v. Gilman, supra.* Anyone, knowing of the conspiracy, who intentionally takes part in or does any act to further the illegal agreement becomes a participant in the conspiracy. *State v. Gilman, supra; State v. Bellin,* 55 R. I. 374, 181 A. 804 (1935).

Thus, defendant was not improperly charged with two mutually exclusive crimes, but rather was charged with the single offense of combining with others in a scheme involving both the stealing of goods and the receiving of stolen goods. Failure to quash the indictment on this ground does not constitute error by the trial justice.

The defendant next argues that G. L. 1956 (1969 Reenactment) §11-1-1 does not support a prosecution for conspiracy. That section provides as follows:

> "11-1-1. Common law offenses not covered by statute.—Every act and omission which is an offense at common law, and for which no punishment is prescribed by this title, may be prosecuted and punished as an offense at common law. Every person who shall be convicted of any such offense at common law shall be imprisoned for a term not exceeding ten (10)

years or be fined not exceeding five thousand dollars ($5,000)."

Conspiracy was and still is an offense at common law in Rhode Island. *State* v. *Gilman, supra; State* v. *Bacon, supra.* It therefore comes within the purview of §11-1-1. Given that one may be prosecuted for conspiracy under §11-1-1, an indictment, which alleges conspiracy and goes on to refer to the specific illegal acts intended to be perpetrated in the course of the conspiracy, satisfies the constitutional burden of reasonably apprising the defendant of the charges against him. *See State* v. *Gilman, supra; State* v. *Smith,* 56 R. I. 168, 184 A. 494 (1936). In this situation, we cannot find that the trial justice erred in denying the motion to quash the indictment.

## II

During the course of the trial, defendant took numerous exceptions to the evidentiary rulings of the trial justice. On appeal, however, defendant has limited himself to briefing and arguing only one exception; those exceptions neither briefed nor argued are deemed to have been waived. The defendant contends that the trial justice erred when he allowed the prosecution to read certain portions of a witness' prior, out-of-court statement for the purpose of impeaching her testimony. The record indicates that Barbara Caffrey was called by the state, and that on direct examination she testified that although she was in the company of defendant on the night in question, she could not recall any activities of an incriminating nature. She was then confronted with a statement, admittedly bearing her signature, but she claimed that it did not refresh her memory as to those events described therein. An adequate foundation having been laid, the prosecutor proceeded to read each relevant question and answer contained in the statement, asking Mrs. Caffrey whether she could recall

making such responses; in each case her reply was in the negative.

The defendant argues that it is necessary in such cases for the jury to be instructed that it may not consider the extrajudicial statement as substantive evidence. Here the trial justice immediately instructed the jury that the statement by Mrs. Caffrey was to be considered only on the issue of credibility and not as to whether the events recited actually transpired.

In *State* v. *Quattrocchi,* 103 R. I. 115, 235 A.2d 99 (1967), this court allowed a party to introduce evidence of his own witness' prior inconsistent statements for the announced limited purpose of neutralizing adverse testimony and of impeaching the credibility of the witness when the trial justice, in the exercise of his sound discretion, was satisfied that the interests of justice required the admission of the impeaching matter. In that case the witness called by the prosecution was a companion of the defendant during the period of the commission of the crime, but he denied any knowledge of facts tending to implicate the defendant and further testified that a statement signed by him within a few hours of the crime did not refresh his memory as to the crucial events.

These facts cannot be distinguished from the present facts. Therefore, the instant case is within the rule in *Quattrocchi,* and in this situation, we cannot conclude that the trial justice abused his discretion in admitting the prior inconsistent statement.

The defendant's exceptions which he has briefed and argued are overruled, those neither briefed nor argued are deemed waived, and the case is remitted to the Superior Court for further proceedings.

*Julius C. Michaelson,* Attorney General, *William G. Brody,* Special Asst. Attorney General, for plaintiff.

*Carmine A. Rao,* for defendant Robert Giorgi.