STATE

v.

**Joanne Maria DePASQUALE.**

No. 78–41–C.A.

Supreme Court of Rhode Island.

April 15, 1980.

Dennis J. Roberts, II, Atty. Gen., David H. Leach, Sp. Asst. Atty. Gen., for plaintiff.

Joseph A. Bevilacqua, Jr., Providence, for defendant.

## OPINION

MURRAY, Justice.

The defendant appeals from her conviction of carrying an unauthorized article into the Adult Correctional Institution (ACI) in violation of G.L.1956 (1969 Reenactment) § 13–2–34.[1] The defendant seeks reversal of her conviction on two grounds. She contents that § 13–2–34 is unconstitutionally vague, and that her conviction rests on invalid guilty pleas.

The state filed an indictment in November 1973, alleging that defendant carried live ammunition into the ACI in violation of

§ 13–2–34. The defendant entered a plea of not guilty and requested a jury trial. Prior to trial, defendant moved to dismiss the indictment, asserting that § 13–2–34 was unconstitutional. A justice of the Superior Court denied defendant's motion.

The defendant appeared for trial, and a jury was empaneled on October 18, 1977. Out of the jury's hearing, defense counsel requested the court's permission to enter a guilty plea on defendant's behalf. The trial justice, in the presence of the jury, then accepted the guilty plea without personally addressing defendant.

The defendant subsequently filed a presentence motion to vacate the guilty plea pursuant to Super.R.Crim.P. 32(d). At a hearing on the motion before the same trial justice, she asserted that he had not followed the procedure outlined in Super.R. Crim.P. 11. The justice denied the motion, reasoning that Rule 11 did not apply once he had empaneled the jury. The defendant appeals from judgment of conviction entered after denial of her Rule 32(d) motion.

The defendant claims initially that her conviction is invalid because the Legislature failed to define "article" in § 13–2–34. She contends that the lack of a definition renders the statute vague in contravention of the Fourteenth Amendment of the United States Constitution and article I, section 10 of the Rhode Island Constitution. The defendant does not, however, contest the constitutionality of § 13–2–34 as applied to her. Instead, she rests her challenge on the plight of the visitor who might violate § 13–2–34 by carrying a harmless "article" into the ACI.

---

1. General Laws 1956 (1969 Reenactment) § 13–2–34, since repealed by P.L.1976, ch. 290, § 3, provided:

   "Every person who shall convey or cause to be conveyed into the adult correctional institutions any article without first obtaining the consent of the warden or who shall convey from said institutions any article without the consent of the warden shall be punished upon conviction, by imprisonment for not more than ten (10) years or by a fine of not more than five thousand dollars ($5,000) or by both such fine and imprisonment."

The defendant objected in the trial court to prosecution under § 13–2–34, asserting that the Legislature failed to preserve pending prosecutions when it repealed § 13–2–34. The defendant did not brief or argue this point on appeal. We therefore consider defendant's contention waived for purposes of this appeal. *State v. Lanoue*, 117 R.I. 342, 344 n.1, 366 A.2d 1158, 1159 n.1 (1976); *State v. Giorgi*, 115 R.I. 1, 5, 339 A.2d 268, 271 (1975).

■ The defendant, however, lacks standing to challenge § 13–2–34 on behalf of others. We have ruled that unless a defendant contests a statute on First Amendment grounds, she "lacks standing to challenge that statute on the ground that it may be applied unconstitutionally to others in hypothetical situations not before the court." *State v. Sharbuno*, R.I., 390 A.2d 915, 919 (1978). *See also State v. Levitt*, R.I., 371 A.2d 596, 599 (1977). The defendant does not rely on the First Amendment to support her constitutional attack on § 13–2–34.

■ The defendant urges us to decide the constitutionality of § 13–2–34, irrespective of her lack of standing to raise the issue. She relies on the principles enunciated in *Bridges v. Superior Court*, R.I., 396 A.2d 97 (1978), to assert that this case is excepted from the prohibition against deciding hypothetical questions. She claims the constitutionality of § 13–2–34 presents a question of "extreme public interest." She contends also that § 13–2–34 poses problems capable of repetition, that will evade review. That doctrine, however, relates only to parties whose claims are moot. It does not serve as an exception to the standing requirement articulated in *State v. Sharbuno* and *State v. Levitt*, both *supra*.

Turning to the second ground urged upon us as error, defendant claims also that the trial justice failed to follow the dictates of Rule 11 before accepting her plea of guilty. According to defendant, the justice's subsequent refusal to grant her Rule 32(d) motion to vacate the plea in recognition of that failure constitutes reversible error. She requests this court to reverse her conviction and reinstate her plea of not guilty in the Superior Court.

■ Rule 11 states unequivocally that the court "shall not accept" a plea of guilty "without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." The Superior Court adopted Rule 11 to protect important rights secured to criminal defendants by the United States Constitution. *State v. Williams*, R.I., 404 A.2d 814 (1979). A defendant who pleads guilty waives the right to trial by jury, the presumption of innocence, the state's burden to prove her guilty beyond a reasonable doubt, the privilege against self-incrimination, the right to confront and cross-examine her accusers, the right to testify and call witnesses in her defense, and the right to appeal her conviction to this court. *State v. Williams*, 404 A.2d at 818. A justice who accepts a guilty plea must "be able to say with assurance that the accused is fully aware of the nature of the charge and the consequences of the plea." 404 A.2d at 819. Rule 11 does not differentiate between phases of the prosecution in its application.[2] Indeed, we discern no logical basis for the distinction advanced by the trial justice because the rights protected by the rule continue until final conviction.

The state argues that an examination of all the circumstances surrounding defendant's plea will demonstrate compliance with Rule 11. To satisfy the requirements of Rule 11, the state relies heavily[3] on the court's instruction to the jury given before commencement of the trial. The trial justice instructed the jury with respect to the presumption of innocence, the defendant's right to remain silent, and the state's burden of proof.

2. The trial justice stated that he did not conduct a personal examination of the defendant because she moved to change her plea after the jury was empaneled. Super.R.Crim.P. 11, however, requires that the court reject guilty pleas which are not offered voluntarily and intelligently. The scope of the Rule 11 colloquy may depend on the development of circumstances at trial, but its basic requirements remain constant.

3. The state urges us to consider also the "probable content" of a discussion between the justice and the defendant which occurred off the record. We are precluded from speculation concerning the content of off-the-record discussions by *State v. Williams*, R.I., 404 A.2d 814 (1979). We there ruled that the record viewed as a whole and the totality of the circumstances must disclose that the defendant understood the nature of the charge and the consequences of the plea. 404 A.2d at 820.

We reject the state's contention that the instruction to the jury constituted compliance with Rule 11. Rule 11 requires the court to address "the defendant personally" to ascertain if "the plea is made voluntarily" and intelligently. That colloquy serves a purpose very different from the court's preliminary instruction to the jury panel. Delivery of such an instruction in the defendant's presence cannot assure the court "that the accused is fully aware of the nature of the charge and the consequences of the plea." *State v. Williams*, 404 A.2d at 819. Moreover, the record in this case does not reflect whether the defendant listened to or understood the court's instruction. It certainly does not disclose that the defendant waived her constitutional rights voluntarily or that she understood the nature of the charge. We therefore conclude that the trial justice failed to comply with the mandates of Rule 11.

We sustain the defendant's appeal and vacate her plea of guilty. We remand the case to the Superior Court with directions to allow the defendant to re-plead.

DORIS, J., participated on the briefs.

BEVILACQUA, C. J., did not participate.