397 A.2d 898.

STATE *vs.* ROBERT C. GIORGI.

FEBRUARY 14, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.    This case comes before the court on the defendant's appeal from a denial by the Superior Court of his motion to reduce sentence filed pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure.

On April 18, 1972, defendant along with others was found guilty after a jury trial of conspiracy to enter dwelling houses on nine separate occasions and to steal property in the aggregate value of slightly less than $60,000. On August 9, 1972, defendant was sentenced to serve 3 years in the Adult Correctional Institutions. The sentence was stayed pending appeal, and defendant remained at liberty on personal recognizance. The appeal was denied on June 16, 1975. *State* v. *Giorgi*, 115 R.I. 1, 339 A.2d 268 (1975). During the pendency of this appeal, defendant filed a motion on December 8, 1972, to reduce his sentence.

Following the affirmation of conviction there is no record indicating any further activity on the part of this defendant until November 18, 1977, when a warrant was issued for his arrest. On December 5, 1977, defendant appeared and was given until December 12, 1977 to surrender in order to commence service of his sentence. On December 6, 1977, defendant filed an additional motion to reduce his sentence. On December 9, 1977, the justice, who had presided at the trial and who had imposed the original sentence, heard the motion or motions to reduce sentence and denied the request for reduction. This appeal ensued.

The principal argument before the trial justice and before us is that imprisonment would no longer serve a useful rehabilitative purpose. The defendant contends that he rehabilitated himself during the interval between imposition of the 3-year sentence and the time of hearing on his motion for reduction. He points out that he created useful employment for himself and others by organizing a private security firm. The defendant does not challenge the fairness or appropriateness of the original sentence but contends that the trial justice

abused his discretion in emphasizing the retributive and deterrent aspects of penological response rather than being guided by defendant's significant reversal of behavioral role during his post-conviction period. There is no contention that the sentence is not within the statutory limits for the offense.

Our function in the review of sentences is an extremely limited one. We have emphasized that the inherent power to review sentences should be utilized only in the exceptional case in the context of a strong policy against interference with the discretion exercised by the trial court in passing sentence. Thus the power should be exercised only when the sentence is without justification and grossly disparate from sentences generally imposed for similar offenses. *State* v. *Fortes*, 114 R.I. 161, 173, 330 A.2d 404, 411 (1975). We followed a similar rationale for review of denial of a motion to reduce sentence in *State* v. *Rollins*, 116 R.I. 528, 359 A.2d 315 (1976). We recognize the awesome responsibility of a trial judge in pronouncing sentence and the various factors which must be taken into account, including rehabilitation, retribution and deterrence. The latter element of deterrence at times demands "example type" sentencing. *State* v. *Crescenzo*, 114 R.I. 242, 332 A.2d 421 (1975). Applying these tests to the case at bar, we find no basis whatever to disturb the exercise of discretion by the trial justice. He took into account all the factors relevant to the sentencing process and applied judicial discretion in reaching his ultimate determination. The defendant has fallen far short of showing any abuse of that discretion in the trial justice's refusal to follow defendant's theories of penology.

The defendant also asserts that the trial justice may have been shown a Bureau of Criminal Identification report containing information concerning an open charge which was ultimately dismissed. He contends that it is "a reasonable assumption" that the trial justice would have such information, and that it would have colored his thinking "to some degree." However, the trial justice's decision is completely barren of any reference to such information. There is utterly

no indication that this charge in any way was considered in reaching a decision on the motion for reduction of sentence. To suggest that an experienced trial justice would not be able to distinguish between an open charge and a conviction is to assert a proposition which borders upon the ludicrous. We could not entertain any such presumption. The trial justice's decision is explicit and articulate as to the reasons relied on for the denial of the motion for reduction of sentence. We shall not wander into the field of speculation in a search for means to buttress unsupported allegations of error.

In views of our conclusions on the merits of the defendant's contentions, it is unnecessary to reach the state's argument concerning the timeliness of filing and consideration of the defendant's motion to reduce sentence.

For the reasons stated, the defendant's appeal is denied and dismissed, and the case is remitted to the Superior Court.

*Dennis J. Roberts II*, Attorney General, *Ann G. Hicks*, Special Assistant Attorney General, for plaintiff.

*Lovett & Linder, Ltd. Raul L. Lovett*, for defendant.