410 A.2d 1336.

STATE *vs.* ROSE SMALL.

FEBRUARY 1, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J. The defendant, Rose Small, was convicted of simple assault and sentenced to imprisonment for one year, of which nine months were suspended. From this judgment she appeals. The proceedings relate to a series of incidents on February 8, 1976, during which the defendant was injured and her husband was killed in a violent encounter with officers of the Cranston Police Department.

At trial the defense presented no evidence. The evidence adduced by the state indicates the following facts. At approximately 7:15 on the evening of February 8, Mr. Small and defendant, in one automobile, pulled up alongside a second automobile which was parked at Dennis and Bay View Avenues in Cranston. Seated in the parked automobile were a young man and three young women. Mr. Small left his car and approached the young people, yelling that he was "sick of everything." The defendant came up alongside her husband. Mr. Small pulled open the driver-side door of the parked automobile, pulled out a gun, and fired two shots at the young man sitting in the driver's seat. The four young persons ran from their car and scattered, while Mr. Small fired a third shot in the direction of one of them. A bystander testified that defendant fired at least two shots at the young women as they ran for cover.

Mr. Small got his wife back into his car and drove up Bay View Avenue towards their home. Officer Sivo of the Cranston police arrived at the scene of the shooting and was told where the Smalls' car was headed.[1] He came upon them

---

[1] A bystander who viewed some of the shooting, being acquainted with Mr. Small, informed Officer Sivo of the couple's identity and directed him towards their home.

in front of the Small residence on Bay View Avenue while they were getting out of their car. As Officer Sivo walked towards defendant, she screamed at him that she had shot nobody. Officer Bell, a Cranston policeman working in plain clothes, arrived and saw Officer Sivo in a confrontation with the Smalls. Sivo had a gun in his hand. Sivo called, "Be careful. I think he has a gun." Bell yelled, "Cranston Police, arrest them. Put them in the car." Mr. Small drew a revolver and fired one shot at Sivo. Bell drew his gun and yelled, "Drop it." Mr. Small turned and fired directly at Bell. At this point shots were fired by both policemen and Mr. Small. According to Sivo's testimony, defendant also had a gun and was firing at Bell. The defendant was now between Mr. Small and Bell, and she became engaged in a physical struggle with Bell in an effort to disarm him or deflect his aim. Soon all guns were apparently emptied. Bell jumped at Mr. Small, jarred his gun away, and subdued him. Sivo handcuffed defendant and placed her in the police vehicle. Both Mr. Small and defendant were wounded during the encounter; Mr. Small died of his wounds.

The defendant was charged with four counts of assault with a dangerous weapon -- allegedly committed against the three young women and Officer Bell -- and with carrying a pistol without a license. The jury concluded that the state had failed to prove that defendant had been armed with a gun, but the jury found her guilty of the lesser included offense of simple assault upon Officer Bell.

In moving for a new trial after her conviction, defendant asserted for the first time that her assault on Officer Bell was justified as an act in defense of a third person (her husband). The defendant makes the same argument here, claiming that the trial justice erred in failing to instruct the jury on this defense. Rule 30 of the Superior Court Rules of Criminal Procedure provides in part, however, that:

> "If a defendant relies upon an affirmative defense, or justification, or matter in mitigation and wishes the court to instruct the jury with respect to such, he shall so

advise the court in writing no later than at the close of the evidence. No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Since defendant did not raise her justification in a timely manner as provided by Rule 30, she cannot claim that the trial justice's failure to give an instruction on this justification was erroneous. *State* v. *Levitt,* 118 R.I. 32, 39, 371 A.2d 596, 600 (1977); *State* v. *Crescenzo,* 114 R.I. 242, 258, 332 A.2d 421, 430-31 (1975).

Even if it had been properly requested, moreover, defendant would not have been entitled to a jury instruction on the "defense of a third person" justification, since defendant had no right to attack Officer Bell in an effort to protect her husband. To begin with, Mr. Small obviously had no right to shoot at Officer Bell. It is the rule in Rhode Island that even if an arrest is unlawful -- an argument not made by defendant here -- the arrest may not be resisted forcibly. General Laws 1956 (1969 Reenactment) §12-7-10; *State* v. *Ramsdell,* 109 R.I. 320, 324, 285 A.2d 399, 402-03 (1971).[2] That the police officers were in the process of arresting Mr. Small is clear. The uncontradicted evidence shows that Officer Sivo was in uniform; Officer Bell, although in plain clothes, identified himself as a member of the Cranston police and ordered Mr. Small arrested. Mr. Small then initiated the exchange of gunfire. Doubtless it was unmistakable to defendant that Mr. Small was illegally resisting arrest.[3] In these circumstances,

---

[2]The rule at common law is that a lawful arrest lawfully made cannot be resisted by force. *Heichelbech* v. *State,* 258 Ind. 334, 337, 281 N.E.2d 102, 104 (1972); *State* v. *Fitanides,* 373 A.2d 915, 922 (Me. 1977); *Muska* v. *Apel,* 203 Wis. 389, 395, 232 N.W. 593, 595 (1930); Vorhees, *The Law of Arrest* §86 at 51 (1904).

[3]In the present case the defendant could not reasonably have entertained the belief that Mr. Small was justified in shooting at Officer Bell. We therefore need take no position on the question, over which the jurisdictions are divided, of whether the "defense of a third person" justification protects an accused when the accused was of the mistaken but reasonable belief that the third person would himself be justified in using force.

the law did not authorize defendant to enter the struggle to resist on the side of Mr. Small. A person in defendant's position is not authorized to join forces with an unjustified user of force to assault one whose own use of force is justified. *United States* v. *Davis*, 423 F.2d 974, 975-76 & n.1 (5th Cir.), *cert. denied*, 400 U.S. 836, 91 S. Ct. 74, 27 L. Ed. 2d 69 (1970); Perkins, *Criminal Law* 1020 (2d ed. 1969). The defendant had no right to use force where it was obvious her husband had no such right. *Taylor* v. *United States*, 380 A.2d 989, 994 (D.C. App. 1977).

The defendant also attacks the sentence imposed by the trial justice: imprisonment for one year, of which nine months were suspended and three months are to be served.[4] According to defendant, in view of the circumstances of the case and certain facts about her history, particularly her lack of a prior criminal record, the trial justice abused his discretion when he imposed a sentence involving three months of incarceration. But as we recently said in *State* v. *Giorgi*, 121 R.I. 280, 397 A.2d 898 (1979), the role of this court in reviewing sentences is an extremely limited one. We interfere with the discretion of the trial court "only when the sentence is without justification and grossly disparate from sentences generally imposed for similar offenses." 121 R.I. at 282, 397 A.2d at 899; *State* v. *Fortes*, 114 R.I. 161, 173, 330 A.2d 404, 411 (1975). It can scarcely be contended that the sentence imposed in the present case -- three months of incarceration for physically attacking a police officer during a shootout -- contravenes this standard. The fact that defendant had no prior criminal record does not alter this conclusion; it is not excessive per se to impose a prison sentence on a first offender. *State* v. *Crescenzo*, 114 R.I. at 264, 332 A.2d at 433.

---

[4]Under G.L. 1956 (1969 Reenactment) §11-5-3, the penalty for assault is imprisonment for not more than one year, a fine not exceeding $500, or both. The sentence here in issue is well within these limits.

The defendant was not charged under G.L. 1956 (1969 Reenactment) §11-5-5, as amended by P.L. 1973, ch. 66, §1, with assault of a uniformed police officer with resultant bodily injury to the officer.

As her final point, defendant asserts that the failure of the trial justice to articulate reasons for the sentence he imposed prevents this court from determining whether an abuse of discretion has taken place. Although it could be contended that the trial justice gave some reasons for his sentence, we shall assume arguendo that no articulation of reasons had been supplied. The defendant asks us to establish a new requirement that sentencing courts enumerate the reasons for the sentences they impose. In support of this proposed requirement defendant cites cases from Pennsylvania's appellate courts which require such exposition by sentencing judges.[5] We note also that the House of Delegates of the American Bar Association has approved standards calling for sentencing courts to state reasons for selecting a particular sentence. *See* ABA Project on Standards for Criminal Justice, *Standards Relating to Sentencing Alternatives and Procedures* §18-6.6(a)(ii) (Approved draft, 1979). *See also Standards Relating to Sentencing Alternatives and Procedures* §5.6(ii) (Approved draft, 1968). These standards are directed towards the trial judge as an aid in the appropriate exercise of his discretion.[6]

---

[5]In *Commonwealth* v. *Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), Mr. Justice Roberts gives a searching analysis of the advantages to be gained by requiring the articulation of reasons for the imposition of sentence. We are not in disagreement with the general principles set forth in that opinion, and those enunciated in the ABA Project on Standards for Criminal Justice, *Standards Relating to Appellate Review of Sentences* (Approved draft, 1968), The National Advisory Commission Standards, and §10 of the Model Sentencing Act, all of which support the desirability of the articulation of reasons for sentence in order to increase the conscious rationality of the process. *See Commonwealth* v. *Riggins,* 474 Pa. at 128 & nn.13-15; 377 A.2d at 146-47 & nn.13-15. However, we think it is not desirable that the validity of a sentence should rest upon such articulation, although we would observe that a statement of reasons by the trial justice in justification of his departure from the sentence that would normally be expected in response to a given offense might well be of assistance in explaining to an appellate court why no abuse of discretion has taken place.

[6]As in the federal system, our scope of review of the exercise of discretion in sentencing is limited. In *Dorszynski* v. *United States,* 418 U.S. 424, 94 S. Ct. 3042, 41 L. Ed. 2d 855 (1974), the Court ruled pursuant to the terms of the Federal Youth Corrections Act, 18 U.S.C. 5010(d) (1976), that a specific finding of "no benefit" from treatment under the act was required if a sentence under that statute was not chosen. However, the Court declined, either through statutory interpreta-

Inasmuch as we review only those sentences that appear "without justification and grossly disparate from sentences generally imposed for similar offenses," *Giorgi, supra; Fortes, supra,* we would gain little by adopting the rule urged by the defendant. When a sentence appears grossly excessive and disparate on its face, a statement of reasons from the trial justice will seldom cure such defects if we undertake review, though it may be persuasive in borderline cases. In the normal case, such as the one at bar, where the sentence obviously avoids any suspicion under the relevant standard, it would not significantly advance the cause of enhanced justice in sentencing to require a statement of reasons as a sine qua non of the validity of the sentence.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgment of conviction is affirmed, and the case is remitted to the Superior Court.

Mr. Chief Justice Bevilacqua did not participate.

*Dennis J. Roberts II,* Attorney General, *Maureen E. McKenna,* Special Assistant Attorney General, for plaintiff.

*Joseph A. Bevilacqua, Jr.,* for defendant.

---

tion or on general principles, to require a statement of reasons. The Court observed:

> "The only purpose of such a requirement would be to facilitate appellate supervision of, and thus to limit, the trial court's sentencing discretion. In short, we hold that the discretion vested in a district judge under §5010(d) is essentially the same as the traditional discretion vested in the court, for example, to impose the minimum sentence on a first offender or a larger sentence on a recidivist." 418 U.S. at 441-42, 94 S. Ct. at 3052, 41 L. Ed. 2d at 867-68.