**STATE**

v.

**Kenneth A. LOURO.**

**No. 89–566–C.A.**

Supreme Court of Rhode Island.

May 1, 1991.

**1198**

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., Jodi Gladstone, John Hogan, Sp. Asst. Atty. Gen., for plaintiff.

Michael Devane, Gary Blais, Pawtucket, for defendant.

OPINION

**PER CURIAM.**

On April 12, 1991, the defendant, Kenneth A. Louro (Louro), by his counsel, appeared before this court to show cause why his appeal from a judgment of conviction involving the possession of marijuana should not be summarily denied and dismissed. The state was also admonished to be prepared to show cause why the defendant's appeal should not be summarily sustained.

The record indicates that in late August 1988 two State Police troopers were on patrol, their areas of responsibility Routes 4 and 95. After confirming by radar that the vehicle operated by Louro was traveling seventy-six miles per hour in a fifty-five-miles-per-hour zone, they ordered the driver to bring his vehicle to a halt at the curb. They asked Louro for his license and registration. At this point Louro handed the police a license and a rental agreement from an auto-rental agency located in the town of Bristol. In checking the documents presented, the troopers learned that there was an outstanding warrant for Louro's arrest, so they proceeded to place him under arrest. As part of their standard police procedure, the troopers called for a tow truck to tow the rental vehicle from the roadside. They also conducted an inventory search of the motor vehicle.

An inventory search is an exception to the search-warrant requirement. It is a search conducted to inventory the vehicle's contents in order to safeguard them, as incident to the vehicle's being impounded by the police for safekeeping or storage until the owner is released. *State v. Jewell*, 338 So.2d 633, 637 (La.1976).

The troopers failed to find anything of consequence in the car's interior, but when they opened the trunk, they found eleven bales, or approximately 110 pounds, of marijuana having a street value at that time of approximately $250,000.

At issue before us is Louro's claim that the Superior Court trial justice erred

when he denied Louro's motion to suppress.

This court has recognized the validity of inventory searches. In *State v. Halstead,* 414 A.2d 1138, 1149 (R.I.1980), this court specifically ruled that an inventory search of an arrestee's personal effects located inside the motor vehicle was entirely appropriate.

Since this court's ruling in *Halstead,* we have expanded upon the scope of inventory searches to reach beyond motor vehicles and encompass even the personal property of an arrestee. *See State v. Beaucage,* 424 A.2d 642 (R.I.1981). In *Beaucage,* this court emphasized, "The general purposes to be served by an inventory search are (1) the protection of the owner's property while it remains in police custody, (2) the protection of the police against claims or disputes over lost or stolen property, and (3) the protection of the police from potential danger." *Id.* at 644 (citing *South Dakota v. Opperman,* 428 U.S. 364, 369, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000, 1005 (1976)). In light of this court's past pronouncements relative to inventory searches, we reject Louro's contention that the vehicle was the subject of an illegal search and seizure.

 Louro's second contention is based on his assertion that insufficient evidence existed to support a finding that he had at least constructive possession of the eleven bales of marijuana. Testimony elicited at trial was replete with facts that support a finding that Louro was in constructive possession of the marijuana with an intent to deliver it.

At trial testimony was elicited to the effect that (1) Louro was driving the motor vehicle; (2) he was the sole occupant; (3) he was in possession of the keys to the trunk; (4) he had rented the motor vehicle that morning; (5) the trunk had been cleaned before Louro took the motor vehicle from the rental agency, at which point there was no marijuana in the trunk area; and (6) at the time of the stop eleven bales, or approximately 110 pounds, of marijuana were in the trunk. In *State v. Gilman,* 110 R.I. 207, 217, 291 A.2d 425, 431 (1972),

this court observed that "possession of a proscribed substance can give rise to the inference that the possessor knows what he possesses, especially if it [is] * * * in his vehicle."

Accordingly the defendant's appeal is denied and dismissed, and the judgment of conviction appealed from is affirmed.