STATE

v.

## Gerard J. COLLINS.

### No. 97–381–C.A.

Supreme Court of Rhode Island.

March 27, 1998.

Annie Goldberg, Aaron L. Weisman, Providence.

Janice M. Weisfield; Paula Rosin, Providence.

### ORDER

This case came before the Supreme Court on March 9, 1998, pursuant to an order directing both parties to show cause why the issues raised by this appeal should not be summarily decided. The defendant, Gerard J. Collins, has appealed the denial of his motion to reduce his sentence made pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure.

After hearing the arguments of counsel and reviewing the memoranda filed by the parties, we conclude that cause has not been shown, and therefore the case will be decided at this time.

The facts pertinent to this case were related in detail in *State v. Collins,* 679 A.2d 862 (R.I.1996), in which we affirmed defendant's convictions for one count of driving under the influence, death resulting; one count of driving to endanger, death resulting; four counts of driving under the influence, serious bodily injury resulting; and four counts of driving to endanger, personal injury resulting. *Id.* at 862, 867. Of the fourteen years defendant was sentenced to serve, ten years—the statutory maximum penalty allowed at the time of defendant's conviction—were imposed for driving under the influence, death resulting.[1] The remaining four years were imposed in the form of one year for each conviction of driving under the influence, serious bodily

injury resulting, to be served consecutive to the ten-year sentence and to each other.

In his initial appeal to this Court, defendant questioned, inter alia, the propriety of the sentence imposed. Because he had failed to file a motion to reduce sentence pursuant to Super.R.Crim.P. 35 prior to his appeal, and because "no issue amounting to an extraordinary circumstance was raised on appeal," 679 A.2d at 867, we denied his appeal on the sentencing issue and dismissed it without prejudice. *Id.* Following the denial of his subsequent motion to reduce, defendant filed a timely appeal to this Court.

A Rule 35 motion to reduce sentence "is essentially a plea for leniency." *State v. Byrnes,* 456 A.2d 742, 744 (R.I.1983) (per curiam). The rule "provides procedures for correction of an illegal sentence or a sentence imposed in an illegal manner, and it authorizes the court to reduce a lawful sentence." *Id.* Our review of a trial justice's decision on a Rule 35 motion "is extremely limited," *State v. Sifuentes,* 667 A.2d 791, 792 (R.I. 1995) (per curiam), and it is well settled that this Court will exercise its inherent power to review sentences "only when the sentence is without justification and grossly disparate from sentences generally imposed for similar offenses." *State v. Giorgi,* 121 R.I. 280, 282, 397 A.2d 898, 899 (1979).

When making the determination on whether a sentence is fair, a trial justice "considers various factors, including the severity of the crime, the defendant's personal, educational, and employment background, the potential for rehabilitation, societal deterrence, and the appropriateness of the punishment." *State v. Brigham,* 666 A.2d 405, 406 (R.I. 1995). Moreover, we have recognized that the element of deterrence "at times demands 'example type' sentencing." *Giorgi,* 121 R.I. at 282, 397 A.2d at 899.

We have carefully reviewed the record before us and conclude that the trial justice acted within the scope of his discretionary authority both in imposing sentence and in denying defendant's Rule 35 motion. In response to defendant's claim that the denial of

---

1. Pursuant to P.L.192, ch. 363, § 1, G.L.1956 § 31–27–2.2 was amended to change the maximum allowable imprisonment for driving under

the influence, death resulting, from ten years to fifteen years.

the parties' request for a hearing on the motion constituted error, we note that the decision to hear testimony or arguments in respect to a Rule 35 motion is within the discretion of the sentencing court. *Byrnes*, 456 A.2d at 745. Given this well-settled principle, and because defendant was given the opportunity to submit a memorandum of law addressing the claims that he maintained warranted a hearing prior to the trial justice's ruling, defendant's claim on this issue must fail.

The defendant's claim that his sentence of ten years to serve on the driving under the influence, death resulting, conviction was significantly greater than that imposed on most Rhode Island drivers convicted of the same offense ignores our recent pronouncement that "unless the comparatively severe sentence[ ] imposed on [a defendant] [is] 'without justification,' then the fact that [it is] grossly disparate from other sentences generally imposed for these types of crimes is immaterial." *State v. Ballard*, 699 A.2d 14, 17 (R.I.1997). Given the facts of this case, including the harms inflicted and defendant's prior criminal conduct and driving record, we cannot say that the sentence was unjustified.

Although the trial justice did state at sentencing, "Given your admission to the probation officer that your alcohol abuse is long-standing, I rather suspect that [the date of the automobile collision] may not have been the first or only occasion that you drove a motor vehicle while impaired," there is no indication in the record that the trial justice relied on uncharged conduct in imposing sentence, as alleged by defendant. We are of the opinion, however, that the trial justice's comment was speculative in nature and was best kept *in pectore judicis*.

Although we have held that whenever a case results in multiple convictions, a "defendant generally ought to be committed to serve sentences for those convictions concurrently," *Ballard*, 699 A.2d at 18, consecutive sentences are justified in circumstances where serious harms are suffered by each victim of defendant's "single" criminal act. *Id*. "No court that elevates the individual rights and human dignity of the accused to a high place—as we should—ought to be so casual as to treat the victims as a single homogenized lump of clay." *Ashe v. Swenson*, 397 U.S. 436, 469, 90 S.Ct. 1189, 1207, 25 L.Ed.2d 469, 489 (1970) (Burger, C.J., dissenting).

Finally, our review of the record disclosed that defendant's contentions that the trial justice's alleged "factual mistakes and mischaracterizations * * * demonstrate a lack of judicial impartiality," and that the imposition of the ten-year suspended sentence for driving to endanger, death resulting, improperly exceeded the applicable Superior Court Sentencing Benchmark for that offense are without merit.

We therefore deny and dismiss the defendant's appeal and affirm the order of the Superior Court, to which the papers in this case are remanded.