STATE

v.

Danny L. BROWN.

No. 99–234–C.A.

Supreme Court of Rhode Island.

June 19, 2000.

Aaron L. Weisman, Providence, for plaintiff.

Charles T. Rennick, Jr., Coventry, Danny L. Brown-pro se, for defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Danny L. Brown, appealed a Superior Court amended judgment of conviction that imposed an increased sentence in response to his motion to reduce his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. This case came before the Supreme Court on May 9, 2000, pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the

issues raised by this appeal should be summarily decided.

On February 14, 1995, defendant was found guilty on three counts of first-degree sexual assault and three counts of first-degree child molestation. He was sentenced to concurrent terms of forty years on each count, with twenty years to serve and twenty years suspended with probation. The facts underlying that conviction can be found in our decision in *State v. Brown*, 709 A.2d 465 (R.I.1998). On July 2, 1998, and again on September 15, 1998, defendant filed a motion to reduce sentence pursuant to Rule 35. At a hearing on February 9, 1999, defendant argued that he was seeking a reduction in his sentence based on his previous "unblemished" record, his exemplary employment history before and during his incarceration, and the lack of evidence regarding any negative psychological or physical harm to the victim. Counsel for the state argued that the sentence imposed was fair and was consistent with the sentencing benchmarks. After hearing argument from the parties, the trial justice vacated the previous sentence and imposed a new sentence of forty years, twenty-five years to serve and fifteen years suspended with probation, thereby increasing defendant's time to serve by five years. A new judgment of conviction was entered on February 9, 1999. This appeal was filed on February 16, 1999.

■ On appeal, defendant argued that the trial justice abused his discretion and violated defendant's due process rights when he increased defendant's sentence, apparently solely because defendant had filed a motion to reduce sentence. The defendant further argued that increasing a sentence that he already had begun to serve was a violation of his protection against double jeopardy. In respect to defendant's due process argument, the state agreed that defendant's rights had been violated, and it urged us to sustain his appeal on this issue. In a footnote, however, the state disputed defendant's claim that the right against double jeopardy barred an increase to a sentence that a defendant already had begun to serve.

■ Rule 35 permits a defendant to file a motion to have a sentence reduced within 120 days after the sentence is imposed, or within 120 days after this Court or the United States Supreme Court has affirmed the sentence. Once a defendant files such a motion, the attorney general may file a motion seeking to have the sentence increased. If a motion to reduce sentence has been made, the trial justice also may increase the sentence upon his or her own motion. Decisions concerning Rule 35 motions are within the sound discretion of the trial justice. *State v. Brigham*, 666 A.2d 405, 406 (R.I.1995). Our authority to review a trial justice's decision on such a motion "is extremely limited and should be exercised only when the sentence is without justification." *Id.* (citing *State v. Giorgi*, 121 R.I. 280, 282, 397 A.2d 898, 899 (1979)).

■ This Court has not previously considered the circumstances that would justify a trial justice's decision to increase a sentence under Rule 35. Nonetheless, we derive guidance from the analogous situation of a defendant who has successfully challenged a conviction and has been reconvicted in a subsequent new trial. In such a case, we have determined that after the second conviction, a trial justice may impose a harsher sentence than was imposed after the first conviction. *State v. Mattatall*, 603 A.2d 1098, 1118–19 (R.I. 1992). In such a trial, however, the United States Supreme Court has determined that "[d]ue process of law * * * requires that vindictiveness against a defendant * * * must play no part in the sentence he [or she] receives after a new trial." *North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656, 669 (1969). To guard against such vindictiveness,

"whenever a judge imposes a more severe sentence upon a defendant after a

new trial, the reasons for his [or her] doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." *Id.* at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670. In our opinion, this rationale is equally applicable to a trial justice's decision to increase a defendant's sentence in response to a defendant's Rule 35 motion to reduce sentence.

In the case at bar, when the trial justice ruled on the motion to reduce sentence, his entire statement was:

"By filing this motion, Mr. Brown, you obviously have not accepted the fact of life that you are responsible for your actions in this case. I thought when I sentenced you that would be sufficient to have you realize the results of your actions to this young child.

"I'm going to vacate the sentence that I previously sentenced. I'm going to sentence you to 40 years, 25 to serve on each and every count. They're to run concurrent with each other."

The record reveals that the trial justice did not cite any evidence to support his decision to increase defendant's sentence. It appears from the trial justice's statement that defendant's sentence to serve was increased solely in retaliation for defendant's having filed a Rule 35 motion. In the absence of any affirmative reason other than apparent retribution for the filing of the Rule 35 motion, the trial justice violated *Pearce's* clear instruction that vindictiveness must play no part in a decision to increase a sentence. If we permitted a trial justice to increase a sentence on this basis, it would unconstitutionally deter a defendant from exercising his or her legal right to seek a reduction in sentence.

*Pearce,* 395 U.S. at 725, 89 S.Ct. at 2080, 23 L.Ed.2d at 669. Thus, we agree with defendant and with the state that the trial justice erred and violated defendant's due process rights when he increased defendant's sentence apparently for the sole reason that defendant had filed a Rule 35 motion. Because our holding on this issue is dispositive of the appeal, we need not consider defendant's argument that an increase in a sentence that has already commenced violates the bar against double jeopardy.

Therefore, the defendant's appeal is sustained. The judgment of conviction entered on February 9, 1999 is vacated and the judgment entered on February 14, 1995, is reinstated. The defendant may present his Rule 35 motion for rehearing by a different justice of the Superior Court to which we remand the papers in the case.