[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is a petition for post-conviction relief that Petitioner William Burke (Mr. Burke) filed pursuant to G.L. 1956 § 10-9.1-1. Mr. Burke contends that his trial counsel was ineffective because he failed to file a Rule 35 motion to reduce sentence either after a jury convicted Mr. Burke in 1987 or after the Rhode Island Supreme Court upheld the conviction in 1989.[1] For the reasons set forth herein, Mr. Burke's application for post-conviction relief is denied.
 FACTS AND TRAVEL
On June 27, 1985, a Superior Court jury convicted Mr. Burke of seven counts of robbery, one count of assault with intent to rob, and of carrying an unlicensed pistol. Mr. Burke and Kelly Crosby (Mr. Crosby), while wearing masks and gloves, had entered Foley's Lounge in Cumberland, Rhode Island on December 20, 1982, robbing several patrons and employees of the bar before fleeing the scene. Two employees had recognized Mr. Burke's voice because he was a regular at the bar. Additionally, another witness testified that Mr. Burke and Mr. Crosby had admitted their involvement in asking the witness to retrieve certain evidence connecting them with the crime. On October 11, 1985, the trial justice, Bourcier, J., sentenced Mr. Burke to serve 60 years.
Daniel V. McKinnon (Attorney McKinnon) began representing Mr. Burke in 1983 and continued this representation throughout Mr. Burke's trial and appeal on the charges arising from the Foley's lounge incident. Mr. Burke and Mr. Crosby's first trial had ended with a declaration of a mistrial, after a successful motion by Attorney McKinnon. At the time of the second trial, items of clothing allegedly worn by Mr. Crosby that were available at the time of the first trial could not be located. Photographs of the evidence, however, were admitted in evidence at the second trial without objection. After they were tried and convicted, the defendants moved for a new trial, which was denied by the trial justice, Bourcier, J., on October 4, 1985. Mr. Burke and Mr. Crosby appealed the decision. While their appeal was pending, the State notified both Mr. Burke and Mr. Crosby of the discovery of the misplaced physical evidence. Based upon this discovery, both defendants again moved for a new trial on the theory of newly discovered evidence.
On March 26, 1987, the Rhode Island Supreme Court remanded the case to the Superior Court for the limited purpose of allowing defendants to present the motion for a new trial on the theory of newly discovered evidence, but retained Mr. Burke and Mr. Crosby's direct appeal for argument on the Court's May 1987 calendar. The Supreme Court affirmed the defendants' convictions on July 27, 1987, in State v. Burke, 529 A.2d 621 (R.I. 1987). Thereafter, each defendant requested a hearing in Superior Court on his motion for a new trial. The trial justice, Bourcier, J., denied both motions. The defendants appealed, and on June 15, 1989, the Rhode Island Supreme Court denied and dismissed their appeal and affirmed the trial justice's judgment. State v.Burke, 559 A.2d 1062 (R.I. 1989).
On October 29, 2004, Mr. Burke filed this application for post-conviction relief, asserting ineffective assistance of counsel. Mr. Burke contends that Attorney McKinnon's failure to file a Rule 35 motion to reduce sentence within the Rule's prescribed time period constitutes ineffective assistance of counsel.
This Court held a hearing pursuant to § 10-9.1-7 on May 9, 2005, at which it heard testimony from Attorney McKinnon and Mr. Burke. This Court then requested that the parties submit memoranda supporting their arguments. After receiving memoranda from both sides, this Court will now address Mr. Burke's petition for post-conviction relief.
 MR. BURKE'S APPLICATION FOR POST CONVICTION RELIEF
An application for post-conviction relief is governed by the provisions of §§ 10-9.1-1 to 10-9.1-9. General Laws Section10-9.1-1(a)(1) permits a defendant to seek post-conviction relief if that person was convicted of a crime and contends that his original conviction or sentence violated rights secured to him by the Rhode Island State Constitution or the United States Constitution. Section 10-9.1-1(a)(1); see Powers v. State,734 A.2d 508, 513-14 (R.I. 1999); Palmigiano v. State,120 R.I. 402, 403, 387 A.2d 1382 (1978). Rule 35 requires that such a motion be filed within 120 days of the date the trial justice imposed the sentence or within 120 days after the Supreme Court affirms the defendant's conviction. Super. R. Crim. P. 35. After a party files a motion to reduce a sentence, the Court may, on its own motion, increase the sentence. Super. R. Crim. P. 35.
Mr. Burke contends that privately-hired Attorney McKinnon was ineffective because he never filed a Rule 35 motion to reduce sentence and also because allegedly he neither informed Mr. Burke that such an option was available nor explained the time limitation to which the motion was subject. Mr. Burke testified that he did not learn that a Rule 35 motion had to be filed within 120 days until he was released from federal prison in 2001.
In reviewing a post-conviction claim for ineffective assistance of counsel, this Court uses the standard the United States Supreme Court expressed in Strickland v. Washington,466 U.S. 668 (1984), and that which the Supreme Court of Rhode Island adopted in Brown v. Moran, 534 A.2d 180, 182 (R.I. 1987). Under this standard, the petitioner must "show (1) `that counsel's performance was deficient, to the point that the errors were so serious that trial counsel did not function at the level guaranteed by the Sixth Amendment,' and (2) `that such deficient performance was so prejudicial to the defense and the errors were so serious as to amount to a deprivation of the applicant's right to a fair trial.'" Bustamante v. Wall, 866 A.2d 516, 522 (R.I. 2005) (quoting Brennan v. Vose, 764 A.2d 168, 171 (R.I. 2001) (citing Strickland, 466 U.S. at 687)). "Prejudice exists if there is a reasonable probability that, absent counsel's deficient performance, the result of the proceeding would have been different." State v. Figueroa, 639 A.2d 495, 500 (R.I. 1994) (citing Strickland, 466 U.S. at 687). However, theStrickland Court noted that it was difficult for a petitioner to prove prejudice, stating that "[b]ecause of the difficulties inherent in making the evaluation [of counsel's conduct], a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[;] that is, the defendant must overcome the presumption that, under the circumstances the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689. Additionally, "a claim of ineffective assistance of counsel against privately hired defense counsel is generally not viable `unless the attorney's representation [was] so lacking that the trial had become a farce and a mockery of justice." Vorgvongsa v. State,785 A.2d 542, 548 (R.I. 2001) (quoting State v. Dunn,726 A.2d 1142, 1146 n. 4 (R.I. 1999)).
With respect to filing a Rule 35 motion, the First Circuit has stated that such failure does not automatically constitute ineffective assistance of counsel. Escudero-Aponte v.United States, 65 Fed. Appx. 333, 335 (1st Cir. 2003). Mr. Burke asserts that Attorney McKinnon was ineffective because he did not file a Rule 35[2] motion to reduce sentence within the prescribed time period.[3] The State contends, however, that Mr. Burke must show that the failure to file a Rule 35 motion was not a tactical decision, or that he was prejudiced by the failure to file such a motion to demonstrate ineffective assistance of counsel. The Rhode Island Supreme Court has "made it clear that `mere tactical decisions, though ill-advised, do not by themselves constitute ineffective assistance of counsel.'"Bustamante, 866 A.2d at 523 (quoting Toole v. State,748 A.2d 806, 809 (R.I. 2000)). Prejudice to the petitioner exists if, absent trial counsel's allegedly deficient performance, a reasonable probability exists that the result of the proceeding would have been in the petitioner's favor. Figueroa,639 A.2d at 500.
To succeed in his argument for ineffective assistance of counsel, Mr. Burke must identify acts or omissions of Attorney McKinnon that are allegedly not the result of sound professional judgment. Strickland, 446 U.S. at 690. Mr. Burke has failed to demonstrate that Attorney McKinnon's failure to file a Rule 35 motion was not strategy or the result of professional judgment. A Rule 35 motion to reduce a sentence "is essentially a plea for leniency. Such motions are within the discretion of the trial justice and may be granted if the court decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." State v.Guzman, 794 A.2d 474, 475 (R.I. 2002) (internal quotation marks and citations omitted). When a trial justice determines whether a sentence is fair, he or she "considers various factors, including the severity of the crime, the defendant's personal, educational, and employment background, the potential for rehabilitation, societal deterrence, and the appropriateness of the punishment."State v. Collins, 714 A.2d 610, 610 (R.I. 1998) (quoting Statev. Brigham, 666 A.2d 405, 406 (R.I. 1995)). This Court finds that Attorney McKinnon was credible when he testified that he would, as part of normal practice, inform his clients of statutory sentencing requirements, regardless of the trial justice in the particular case. Conversely, Mr. Burke's testimony that whether the trial justice would consider his history "never came up" in conversations with Attorney McKinnon, however, was not believable. Although Attorney McKinnon testified at the post-conviction relief hearing that he had no specific recollection of discussing a motion to reduce sentence with Mr. Burke, he said that motions were part of his normal practice and the possibility that the trial justice could increase the sentence after an attorney filed a motion to reduce sentence would be a consideration. Attorney McKinnon's decision not to file a Rule 35 motion to reduce sentence was understandably a reasonable tactical decision for him to make in light of the fact that filing such a motion before the trial justice would open up the possibility that Mr. Burke would receive an even harsher sentence. Mr. Burke has failed in his burden of establishing that the performance of his trial counsel was constitutionally deficient.
Mr. Burke must also demonstrate that Attorney McKinnon's failure to file such a motion to reduce sentence was prejudicial to him. Mr. Burke has not articulated sufficient facts that show to a "reasonable probability that, absent counsel's deficient performance, the result of the proceeding would have been different," Figueroa, 639 A.2d at 500 (citing Strickland,466 U.S. at 687), and that his sentence would have been reduced by the trial justice. A trial justice deciding a Rule 35 motion to reduce sentence can uphold the sentence, reduce the sentence, or increase the sentence. Super. R. Crim. P. 35. Upon a motion to reduce a sentence, a trial justice may increase the sentence "based on objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." State v. Brown, 755 A.2d 124,125-26 (R.I. 2000).[4] In the within matter, had a Rule 35 motion been made, it would have to have been filed in the 120 days following the imposition of Mr. Burke's sentence, June 27, 1985, or following the Supreme Court's affirming of Mr. Burke's conviction on July 27, 1987. The State contends that the time period did not begin until the Supreme Court affirmed the denial of Mr. Burke's motion for a new trial on newly discovered evidence on June 15, 1989. However, such a motion does not toll the time period in which a defendant may bring a Rule 35 motion. 3 Wright Miller, Federal Practice and Procedure: Criminal § 587 at 664 (2004) (citing United States v. Dansker, 581 F.2d 69
(3d Cir. 1978)). Nevertheless, on January 14, 1986, while his appeal was pending in the Rhode Island Supreme Court, Mr. Burke was arrested and charged with conspiracy to commit robbery, attempted robbery, and two counts of robbery for his participation in the robbery of patrons of Chick's Spa, a small variety store in Manville, Rhode Island, on June 15, 1985, twelve days before receiving his sentence in Superior Court for Foley's robbery. With such an arrest and charges before the trial justice hearing the motion to reduce sentence, this Court does not find that Mr. Burke has demonstrated that he was prejudiced by the failure to file.
Mr. Burke further contends that Attorney McKinnon's failure to file a Rule 35 motion to reduce a sentence is similar to defense counsel's failure to file a notice of appeal, which is a "purely ministerial task," Roe v. Flores-Ortega, 528 U.S. 470, 477
(2000), and that in the instant matter this Court should use the standard for determining effectiveness of counsel when defense counsel has not filed a timely notice of appeal. In such circumstances, the Court asks "a separate, but antecedent question: whether counsel in fact consulted with the defendant."Id. at 478. The United States Supreme Court requires defense counsel to consult with the defendant regarding filing a notice of appeal when the attorney knows or should know "either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. Mr. Burke argues that Attorney McKinnon was ineffective because, in failing to file a Rule 35 motion to reduce sentence and allegedly failing to discuss the filing of such a motion, Attorney McKinnon breached this standard of effective assistance of counsel. Mr. Burke asserts that Attorney McKinnon never discussed with him whether to file a Rule 35 motion and that he never authorized Attorney McKinnon to forego the pursuit of such a motion. Consequently, Mr. Burke contends, the question before this Court is whether Attorney McKinnon knew or should have known that a rational defendant would have desired his attorney to file a Rule 35 motion or that Mr. Burke demonstrated an interest in filing such a motion. Mr. Burke submits that "the harshness of the sentence imposed, which greatly exceeded the Superior Court Sentencing Benchmarks, should have indicated to counsel that his client would want to file a motion seeking a sentence reduction," and that "the extent to which the sentence imposed exceeded applicable Sentencing Benchmarks indicates that the motion had arguable merit."
Mr. Burke's motion for post-conviction relief, however, still fails, even if the Court were to use his suggested standard for determining effectiveness of counsel. Assuming, arguendo, that Attorney McKinnon did not discuss a motion to reduce sentence with Mr. Burke, Mr. Burke has neither demonstrated that a rational defendant would have desired his trial counsel to file a Rule 35 motion nor that Mr. Burke, himself, indicated his desire to file such a motion. Mr. Burke contends that the fact that his sentence exceeded sentencing benchmarks should have indicated to Attorney McKinnon that both a rational defendant and Mr. Burke would have desired their counsel to file a motion to reduce his sentence. However, "[a]lthough . . . a trial justice may use benchmarks as a guide to the proportionality of a term, he is bound only by statutory limits." State v. McVeigh,683 A.2d 375, 376 (R.I. 1996) (quoting State v. Bertoldi, 495 A.2d 247,253 (R.I. 1985)). Thus, even if "the comparatively severe sentence imposed on [a defendant] [is] `without justification,' then the fact that [it is] grossly disparate from other sentences generally imposed for these types of crimes is immaterial."Collins, 714 A.2d at 611 (quoting State v. Ballard,699 A.2d 14, 17 (R.I. 1997)). Mr. Burke does not contend that his sentence was without justification, only that it "greatly exceeded" Superior Court sentencing benchmarks. Additionally, at the hearing for post-conviction relief, Mr. Burke indicated that he was aware of the trial justice's reputation for giving "big time." He also stated that he discussed the strengths and weaknesses of the State's case with Attorney McKinnon. Mr. Burke was not credible, however, when he stated that whether the trial justice would consider his prior history "never came up" in conversations with Attorney McKinnon.
Mr. Burke has failed to indicate that a rational defendant would have desired a Rule 35 motion to reduce sentence to be filed on his behalf. Furthermore, Mr. Burke has failed to demonstrate to the satisfaction of this Court that he demonstrated to Attorney McKinnon that he was interested in filing a motion to reduce sentence. Consequently, Mr. Burke's argument that Attorney McKinnon provided ineffective assistance for allegedly not discussing whether to file a Rule 35 motion to reduce sentence must fail.
 CONCLUSION
Mr. Burke has failed to establish that any of Attorney McKinnon's behavior falls below an objective standard of reasonable professional competent assistance. Attorney McKinnon was a credible and compelling witness, and Mr. Burke was not. Attorney McKinnon's tactical decisions will not render his representation constitutionally ineffective. As Mr. Burke has not overcome the presumption that Attorney McKinnon's actions are outside the realm of sound trial strategy, his request for post-conviction relief based on a claim of ineffective assistance of counsel is denied. Counsel shall submit the appropriate judgment for entry.
[1] This Court considers the matter pursuant to Rhode Island Superior Court Rules of Practice 2.3(d)(4), as the trial justice is no longer a member of the Rhode Island Superior Court.
[2] Rule 35 was amended, effective July 1, 2002. The amendment added subdivision designations, added subdivision headings, made stylistic changes, and added language. This Court will use the version of Rule 35 that existed before the 2002 amendment.
[3] Rule 35 of the Superior Court Rules of Criminal Procedure provides that the Court "may reduce any sentence within one hundred and twenty (120) days after the sentence is imposed, or within one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal. . . ." Super. R. Crim. P. 35.
[4] The quoted language of State v. Brown became part of Rule 35(b) in the 2002 amendment.